UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

360 EXTERIOR SOLUTIONS, LLC,

    Plaintiff,

v.                                                                                          Case No: 8:20-cv-1582-CEH-JSS

360 BUILDING SOLUTIONS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff's Motion for Entry of Default Judgment [Doc. 17]. There, Plaintiff 360 Exterior Solutions, LLC, seeks an order granting default judgment against Defendant 360 Building Solutions, LLC. *Id.* The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Entry of Default Judgment.

    **I.   BACKGROUND**

*Facts*

Plaintiff, 360 Exterior Solutions, is a North Carolina limited liability company that offers installation and maintenance of building exteriors and many materials used therein. [Doc. 1 ¶¶ 2, 7]. It offers its construction services for projects located inside and outside of the state of North Carolina and has completed hundreds of construction projects throughout fourteen states since operations began in 2014. *Id.* ¶¶ 7, 8. Plaintiff has used the words 360 EXTERIOR SOLUTIONS as the company's only brand and

as a trademark in connection with its construction services since at least May 19, 2014. *Id.* ¶ 10. It has used its current logo as a design trademark in connection with its construction services since at least December 9, 2016. *Id.* ¶ 11.

In fact, Plaintiff has federal registrations in connection with the mark. It owns a federal standard-character word trademark for 360 EXTERIOR SOLUTIONS, Registration No. 5,593,796 with a priority date of November 28, 2017 (the "Registered Word Mark"), for use in connection with "Installation of insulating materials; Installation of building insulation; Installation of rainscreen systems; Installing siding." *Id.* ¶ 12.[1] It also owns a federal design trademark, Registration No. 5,594,198 with a priority date of January 19, 2018 (the "Registered Design Mark") for use in connection with the same services as the word mark. *Id.* ¶ 13. The design mark consists of two green crescents to the left of a stylized number "360" in red, with stylized words "EXTERIOR" and "SOLUTIONS" in red stacked below and has been assigned the Design Search Code 26.17.09 for "Bands, curved; Bars, curved; Curved line(s), band(s) or bar(s); Lines, curved." *Id.* ¶ 14.

Plaintiff has marketed and used both the Registered Word Mark and the Registered Design Mark in connection with its construction services throughout several states, including in Florida, and has previously invested and is currently investing significant time, effort, and money in advertising, marketing, and promoting

---

[1] The Court notes that the Complaint purports to attach several exhibits including a copy of the Certificate of Registration for this mark. However, none of the exhibits are attached to the Complaint.

the word mark and design mark and the services provided in connection with both marks. *Id.* ¶¶ 15, 16, 17. Plaintiff has earned significant sales revenue as a result of its investments into its branding with both marks and as a result of the inherent distinctiveness of both marks, and by virtue of the long and continuous use and extensive promotion of those marks. The consuming public and those in the construction services trade associate and identify the pair of marks with Plaintiff or with a single source. *Id.* ¶¶ 18, 19. Because of this association in the construction services trade, Plaintiff derives substantial goodwill and value from its trademarks. *Id.* ¶ 20.

Defendant 360 Building Solutions is a Florida limited liability company that offers general contractor services. *Id.* ¶¶ 21, 23. It has only operated in Florida for just over two years and has not gained a reputation with consumers that its construction services are long-lasting. *Id.* ¶¶ 21, 24. Defendant does not own any federal trademark registrations or pending federal trademark applications for the designs used in connection with its services (the "Infringing Design Mark"). *Id.* ¶ 25. Defendant's Infringing Design Mark includes four green crescents positioned to the left of "360" and "BUILDING SOLUTIONS." It engages in internet advertising for general contracting services and specialization in, among other things, commercial/residential enclosures on at least the following website addresses: "http://360buildingsolutions.us/", "http://360buildingsolutions.com/", and https://www.facebook.com/360buildingcfl/. *Id.* ¶ 28. The Infringing Design Mark also appears on Defendant's truck and other promotional materials. *Id.* ¶ 29.

On August 15, 2019, Plaintiff sent a cease-and-desist letter to Defendant, via Certified Mail with the United States Postal Service, alerting Defendant that it was infringing on Plaintiff's Registered Word Mark. *Id.* ¶ 31. USPS tracking indicates that Defendant received the letter on August 20, 2019. *Id.* ¶ 32. Defendant responded that it was not willing to change its name when used in relation to its construction services. *Id.* ¶ 37. On August 28, 2019, Defendant filed for a federal trademark registration for the words 360 BUILDING SOLUTIONS in connection with "general building contractor services." *Id.* ¶ 33. The federal trademark application included a declaration that "[t]o the best of the signatory's knowledge and belief, no other persons . . . have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of other such persons, to cause confusion or mistake, or to deceive." *Id.* ¶ 34. It was signed by Defendant or its counsel on or before August 28, 2019. *Id.* ¶ 35. It also applied for a Florida state trademark registration for 360 BUILDING SOLUTIONS— on September 6, 2019. *Id.* ¶ 38. Again, Defendant or its counsel signed the Florida state trademark application, which included a declaration "that to the best of the applicant's knowledge no other person except a related company has the right to use the applied-for mark in Florida either in the identical form thereof or in such near resemblance as to be likely, when applied to the goods or services of such other person to cause confusion, to cause mistake or to deceive." *Id.* ¶¶ 39, 40.

The federal application was refused registration on the Principal Register by the USPTO Trademark Examiner who reviewed the Infringing Word Mark, because (1)

4

it created a likelihood of confusion with both Plaintiff's Registered Word Mark and with Plaintiff's Registered Design Mark, and (2) Defendant did not disclaim the descriptive components of the mark, "BUILDING" and "SOLUTIONS." *Id.* ¶ 36.

*Procedural Development*

Plaintiff filed this action against Defendant on July 10, 2020. [Doc. 1]. The complaint asserts the following claims: federal trademark infringement on Plaintiff's word trademark and its design trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Counts I and II), false designation of origin on its word mark and design mark (Counts III and IV), unfair competition due to trade name infringement on its word mark and design mark (Counts V and VI), and fraudulent trademark registration (Count VII). *Id.* The summons was issued on July 14, 2020. [Doc. 5]. On October 9, 2020, Plaintiff filed an affidavit of service which states:

> 2. A copy of the Summons, Civil Cover Sheet, and Complaint was sent addressed to Jad Tremel, Registered Agent, 360 Building Solutions, LLC, 3530 Hamilton Rd, Lakeland, FL 33811. A copy of the Summons, Civil Cover Sheet, and Complaint was sent addressed to Jad Tremel, Authorized Member, 360 Building Solutions, LLC, 3530 Hamilton Rd, Lakeland, FL 33811.
>
> 3. The copies were delivered to Defendant at the above address for the Registered Agent, who was duly authorized to accept service on behalf of Defendant. Service was delivered to 3530 Hamilton Rd, Lakeland, FL 33811 on October 8, 2020.

[Doc. 12]. The USPS Tracking History reflects that the delivery was signed for by Jessica Clark. [Doc. 12-1 at p. 4]. The address of the recipient was also written out by Ms. Clark. *Id.*

5

On March 1, 2021, Plaintiff moved for entry of a default, pursuant to Rule 55(a), Fed. R. Civ. P., as the time to file an answer or responsive pleading by Defendant had expired and Defendant had not made an appearance in the case. [Doc. 15]. The motion was supported by a declaration from Plaintiff's counsel, which stated among other things, that Defendant was served with process pursuant to Fed. R. Civ. P. 4(h)(1)(B) and that the Court had personal jurisdiction over Defendant based on its service of process on Defendant. [Doc. 15-1 ¶¶ 6, 7, 9]. The Clerk entered a default against Defendant that same day. [Doc. 16].

Plaintiff now moves for entry of a default judgment against Defendant. [Doc. 17]. In its motion, it explains that Defendant was served with process pursuant to Fed. R. Civ. P. 4(h)(1)(B) and that personal jurisdiction was acquired over Defendant because it is registered as a Florida limited liability company, has its principal place of business in Lakeland, Florida, and has engaged in substantial activity within the State of Florida. *Id.* ¶¶ 5-8. It further requests $200,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(1), prejudgment interest, attorneys' fees, and permanent injunctive relief. *Id.* at pp. 3, 4. The motion is supported by a memorandum of law supporting the request [Doc. 17-6], an affidavit from Plaintiff addressing its services and use of its word and design marks [Doc. 17-3], and affidavits and other documentary evidence in support of counsel's fee request [Docs. 17-1, 17-2, 17-4, 17-5].[2]

---

[2] Pursuant to the Middle District's Local Rule 3.01(a), "[a] motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum

## II.   LEGAL STANDARD

A default judgment may be entered when "a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Typically, allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). However, facts that are not well-pleaded or conclusions of law are not accepted as fact. *Id.* The Eleventh Circuit has likened this standard to the standard under a Rule 12(b)(6) motion to dismiss. *Id.*

## III.   DISCUSSION

### Subject Matter Jurisdiction

In determining whether default judgment is proper, a court must assess whether jurisdiction exists. *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984). The Complaint alleges that "[the] Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367(a)." [Doc. 1 ¶ 4]. The Court agrees that it has jurisdiction over the subject matter of this cause. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The causes of action asserted

---

supporting the request. The Court notes that the memorandum is provided as an attachment to the motion.

against Defendant arise under laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1121.

## Personal Jurisdiction

However, the Court does not agree that Defendant has established that the Court can exercise personal jurisdiction over Defendant. In assessing personal jurisdiction, the Court must first assess the validity of service of process. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (stating that "insufficient service of process . . . implicates personal jurisdiction and due process concerns"). "It is well settled that the fundamental purpose of service is 'to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy.' " *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 953 (Fla. 2001) (quoting *State ex rel. Merritt v. Heffernan,* 142 Fla. 496, 195 So. 145, 147 (1940)). If service of process is insufficient, the Court has no power to render judgment. *Id.*

Rule 4(h), Federal Rules of Civil Procedure, governs service of process on corporations, partnerships, and associations. Pursuant to that rule:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

8

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) provides that service may be made in a manner "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Florida, service of process on limited liability companies (LLCs) is governed by section 48.062, Florida Statutes. The statute sets forth detailed guidelines as to serving process on a domestic or foreign LLC and should "be strictly construed to insure that a defendant receives notice of the proceedings." *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005) (quoting *Carter v. Lil' Joe Records,* 829 So.2d 953 (Fla. 4th DCA 2002)). Under the statute, process may be served on the LLC's registered agent or on any employee of the registered agent. Fla. Stat. § 48.062(1). If the LLC does not have a registered agent or the registered agent "cannot with reasonable diligence be served," process may be served on a member or manager of the LLC. Fla. Stat. 48.062(2). The statute also allows for service on the Secretary of State as agent of the limited liability company. Fla. Stat. 48.062(3). "Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant." *Anthony*, 906 So. 2d at 1207 (quoting *Sierra Holding v. Inn Keepers Supply,* 464 So.2d 652 (Fla. 4th DCA 1985)).

"[A] plaintiff bears the ultimate burden of proving valid service of process."

9

*Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir.), *cert. denied*, 140 S. Ct. 575, 205 L. Ed. 2d 358 (2019). "In analyzing whether service is proper, the return of service is the point of departure." *Bennett v. Christiana Bank & Tr. Co.*, 50 So. 3d 43, 45 (Fla. 3d DCA 2010). "If the return [of service] is regular on its face, then the service of process is presumed to be valid." *Morales L. Grp., P.A. v. Rodman*, 305 So. 3d 759, 761 (Fla. 3d DCA 2020) (quoting *Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)). "'Regular on its face' means the return of service attests to all the information required by the service statute." *Friedman*, 777 F. App'x at 331. "[I]f the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid." *Re-Emp. Servs., Ltd.*, 969 So. 2d at 471 (citing *Klosenski v. Flaherty,* 116 So.2d 767, 769 (Fla.1959)). "When there is an error or omission in the return of service, personal jurisdiction is suspended and it 'lies dormant' until proper proof of valid service is submitted." *Id.*

The affidavit of service filed with the Court is not regular on its face. First, it indicates that Defendant's Registered Agent is Jad Tremel and that copies of the Summons, Civil Cover Sheet, and Complaint were delivered to Defendant at 3530 Hamilton Rd, Lakeland, FL 33811.[3] [Doc. 12 ¶¶ 2, 3]. However, the supporting exhibit indicates that the delivery was signed for by Jessica Clark, not Jad Tremel. [Doc. 12-1 at p. 4]. Neither the affidavit nor the exhibit identify the capacity in which Ms. Clark

---

[3] The Court notes that it is not clear whether this is the address written by Ms. Clark when she signed for the delivery. [Doc. 12-1 at p. 4].

10

was served. Importantly, the affidavit of service does not attest that Ms. Clark is either a registered agent for Defendant or an officer, a managing or general agent, or any other agent authorized to receive service for Defendant as required under Rule 4(h)(1)(B). This omission renders the return defective on its face. *See, e.g.*, *Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. 4th DCA 2010) (noting that service on corporation should have been quashed as neither original nor amended return of service showed the absence of the statutorily prescribed superior classes of persons who could have been served and that the original return of service made no mention of the absence of any such persons); *Mattress One, Inc. v. Sunshop Properties, LLC*, 282 So. 3d 1024, 1026 (Fla. 3d DCA 2019) (finding service on corporation was not legally sufficient on its face where the return of service does not show the absence of all officers of a superior class before resorting to service on an officer or agent of an inferior class and where return of service fails to contain any statement supporting alternative service on the registered agent).[4] As a result, the Court cannot accept it as prima facie evidence of proper service. Moreover, Plaintiff has failed to otherwise establish proper service on Defendant.

In sum, the Court finds personal jurisdiction lacking due to improper service of process. The return of service does not attest to all the information required for proper service, and in the absence of such proof, the Court cannot ensure that notice of the

---

[4] While the cited cases address service on a corporation, section 48.062, Florida Statues, contains an analogous structural scheme for serving a limited liability company such that these cases are instructive.

pending action has been provided to Defendant. Because of this, the Court must deny Plaintiff's Motion for Default Judgment.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment [Doc. 17] is **DENIED**.

2. The Clerk's Entry of Default [Doc. 16] is **VACATED**.

3. The Court will extend the time for Plaintiff to effect service on Defendant by thirty (30) days and an additional twenty-one (21) days within which to file proof of service. Plaintiff shall serve Defendant on or before February 25, 2022 and shall file proof of service no later than March 18, 2022.

**DONE AND ORDERED** in Tampa, Florida on January 25, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

12